**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Consolidated Container Company LP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-cv-01478-JOF |
| Package Supply & Equipment Co., Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### **OPINION & ORDER**

This matter is before the court on Plaintiff's Motion for Default Judgment [9].

Plaintiff Consolidated Container Company LP is a Delaware corporation with its principal place of business in Atlanta, Georgia. Plaintiff manufactures rigid plastic packaging in the form of plastic bottles and other containers. Defendant Package Supply & Equipment Co., Inc. is a South Carolina corporation with its principal place of business in South Carolina, but it has an office in Georgia. Defendant distributes plastic, glass, and metal containers nationwide. Plaintiff and Defendant have had a relationship for several years whereby Defendant ordered plastic containers from Plaintiff, and Plaintiff generally shipped the containers directly to Defendant's customers. Plaintiff issued invoices to Defendant, and payment of those invoices was due thirty (30) days after the date of the invoice. An eighteen percent (18%) monthly service charge applied to any invoices that

AO 72A
(Rev.8/82)

were unpaid after the allowed 30-day period. Starting in late January of 2009, Defendant stopped paying the invoices sent to it by Plaintiff. Plaintiff attempted to collect this money several times. On one such occasion, April 2, 2009, Plaintiff sent Defendant a letter demanding that the outstanding debts be paid in full. Defendant responded, acknowledging that it had not paid all of the invoices but did not make any subsequent payments to Plaintiff. In total, Plaintiff's complaint contends that Defendant owes a principal amount of $108,832.52.

Plaintiff sued Defendant to recover the funds on June 3, 2009, alleging breach of contract and quantum meruit, and asking for the $108,832.52 in principle owed, plus the 18% monthly service charge, and prejudgment interest. Plaintiff also requested litigation expenses, including attorneys' fees and costs. When Defendant failed to answer Plaintiff's complaint, the Clerk entered default against Defendant on July 17, 2009. Plaintiff has now requested that this court grant its motion for default judgment.

Upon its default, Defendant admitted the well-pleaded allegations of fact found in Plaintiff's complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (11th Cir. 1975).[1] However, a default judgment is not automatically granted, and "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id*. Thus, the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

court must determine whether Plaintiff's well-pleaded allegations, deemed to be admitted by Defendant, sufficiently demonstrate Defendant's liability and the amount of damages.

The first cause of action in Plaintiff's complaint is breach of contract. A party claiming breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. *See* O.C.G.A. § 13-3-1; *Broughton v. Johnson*, 247 Ga. App. 819, 819 (2001). Once such a contract is shown, a plaintiff must plead and prove (1) the breach and (2) "the resultant damages to the party who has the right to complain about the contract being broken." *Budget Rent-A-Car of Atlanta, Inc. v. Webb*, 220 Ga. App. 278, 279 (1996) (quoting *Graham Bros. Constr. Co. v. C.W. Matthews Contracting Co.*, 159 Ga. App. 546, 550 (1981) ). The court finds that the well-pleaded allegations of the complaint set forth all of the required elements to establish Defendant's liability for breach of contract.[2]

"[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); see also Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.*, 869 (S.D. Ga. 1996) (Edenfield, C.J.). Moreover, although a party in default admits the well-pleaded allegations of the complaint against it, the claimant

---

[2]As such, Plaintiff's alternative claim for quantum meruit is superfluous because Defendant's liability for breach of contract has been established, and Plaintiff cannot recover twice for the same wrong.

3

"cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." *Patray*, 931 F. Supp. at 869. Therefore, in order to grant the instant motion for default judgment with respect to the issue of damages, this court must find that the amount of damages is liquidated or can be reduced to a sum certain.

Here, the court finds that damages can be reduced to a sum certain. The well-pleaded allegations of the complaint state that Defendant failed to pay certain invoices. Plaintiff has provided the court with its statement of account pertaining to Defendant and a copy of each outstanding unpaid invoice. Although Plaintiff's complaint states that Defendant owes $108,832.52 in principal, the invoices and statement of account show that Plaintiff owed an outstanding principal amount of $88,762.44. And while the complaint asks for the 18% "monthly service charge" **and** prejudgment interest, the statement of account characterizes the 18% as interest. The statement of account states that the total "interest" owed as of July 14, 2009, on all of the invoices, was $5,512.59. The court declines to give Plaintiff both the "monthly service charge" and prejudgment interest. Therefore, the court awards Plaintiff $88,762.44 in principle, plus 18% prejudgment interest on each of the overdue invoices found in Exhibit A to Plaintiff's motion for default judgment. Said interest is to be calculated on each invoice as per the terms of the contract. Furthermore, the court finds that Plaintiff is entitled to attorneys' fees and costs under O.C.G.A. § 13-6-11 because Defendant

4

forced Plaintiff to resort to litigation to collect a debt it plainly owed. *See Hope Elec. Enters., Inc. v. Proforce Staffing, Inc.*, 268 Ga. App. 302, 304 (2004). Plaintiff is directed to submit to the court a motion for attorneys' fees and costs within thirty (30) days from the date of this order.[3]

**Conclusion**

The Plaintiff's motion for default judgment is GRANTED. Defendant is DIRECTED to pay Plaintiff $88,762.44 plus 18% prejudgment interest calculated on each overdue invoice as per the terms of the contract. Plaintiff is DIRECTED to file a motion in this court for attorneys' fees and costs within thirty (30) days of the date of this order. The Clerk of the Court is DIRECTED to enter default judgment in favor of Plaintiff.

**IT IS SO ORDERED** this 16th day of October 2009.

                                                      /s J. Owen Forrester
                                                     J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's motion for attorneys' fees must be in accordance with the Eleventh Circuit's decisions in *Norman v. Housing Auth.*, 836 F.2d 1292 (11th Cir. 1988) and *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999).

AO 72A
(Rev.8/82)